CHRONISTER BROS. & COMPANY *v.* OSWALT.

Opinion delivered November 7, 1927.

LANDLORD AND TENANT—PRIORITY OF LANDLORD'S LIEN.—Where no indorsement or waiver of her lien was made by a landlord on her tenant's mortgage of his crop for supplies, purchasers of the crop were not bound to take notice of any other kind of a waiver, and were only bound to show as against other liens, by a preponderance of the testimony, the existence of a valid lien on the part of the landlord in an amount equal to or greater than the price paid by them in purchasing the crop.

Appeal from Pope Circuit Court; *J. T. Bullock,* Judge; affirmed.

*Robert Bailey,* for appellant.

*Hays, Priddy & Rorex,* for appellee.

KIRBY, J.   This suit was brought by W. J. Chronister, doing business as Chronister Bros. & Company, against J. N. Oswalt, to foreclose a mortgage given by him to secure the payment of money for supplies for making a crop during the year 1925.   It was alleged that he was indebted to the plaintiff in the sum of $372.20, on open account and a note.   That he had paid nothing on said account, and had sold six bales of cotton to Falls & Sinclair, cotton buyers, for a total of $388.19.   That he was due the landlord for rent of said crop, $97.04, leaving a balance due from the purchase price of the cotton, which plaintiff was entitled to under his mortgage, in the sum of $281.15.   That the mortgagor later had delivered some of the stock mortgaged with the crop, appraised at $204.50, for which he was entitled to credit on the mortgage indebtedness, leaving a balance due of $167.70, for which he prayed judgment against the mortgagor and the purchasers of the cotton.

Falls & Sinclair denied that any indebtedness was due from Oswalt to plaintiff and that he had executed any mortgage to secure same, and that he had failed to pay any such indebtedness.   They admitted that they bought the six bales of cotton from Oswalt, and stated that they were informed and believed that Mrs. Huse Brown was the landlord of the defendant mortgagor, J. N. Oswalt, and held a prior and valid lien and right to the cotton bought by them, produced by the mortgagor, as a tenant upon rented premises, on account of having furnished supplies to the tenant to enable him to make the crop, in a greater sum than the amount of the price of the cotton, which was paid to her as such landowner.

Oswalt filed no answer, and judgment was rendered against him by default.

It appears from the record that Mrs. Huse Brown, the landlord, was a sister of Oswalt, the tenant, and

rented him the land for a certain price; one-fourth of the cotton and seed and $60 standing rent for the corn land, $10 an acre.

Appellant testified that he had spoken to Mrs. Brown, the landlord, before taking the mortgage from Oswalt, the tenant, and had been informed by her that she did not intend to furnish him supplies, whereupon he took the mortgage on the crop and furnished supplies in the amount sued for.

Mrs. Brown denied having told appellant that she was not going to furnish Oswalt supplies. Stated that she had asked him if he had a mortgage on the crop, and he replied "No," and she told him that she was supplying her brother Oswalt. She testified as to the amount of the rent due and the furnishing of so much corn, 75 bushels at $1.25, and $20 in cash, and that he was sick and unable to pick the crop, and she had furnished him $20 a bale, $140, with which to pay for the picking. She claimed other items of indebtedness due her from the tenant, the whole amounting to $35.82 more than the price realized from the sale of the cotton to Falls & Sinclair, and she and the tenant both testified that he still owed her between $20 and $30.

The court gave, over appellant's objection, instruction No. 2 as follows:

"The landlord's lien is superior to the mortgagee's lien, and the landlord's lien was not waived in the manner provided by statute as to third parties, or to the defendants, Falls & Sinclair. As between Mrs. Brown and Mr. Chronister, if the issue were between them, the testimony about her telling Chronister that she wanted him to furnish supplies and she wouldn't claim a lien against him, even if the testimony convinces you that she told him that, would not defeat the claim of Falls & Sinclair, because the statute provides that the mortgagee, if he wants the landlord's lien waived, must make that waiver in the manner provided for by the statute. They didn't do that. And on the waiver, if you find that were true, would not justify a recovery against Falls & Sinclair by

Mr. Chronister. The only question for you to determine is whether or not Mrs. Brown furnished the supplies that she contends she did furnish and for which they have paid. If so, as to them, it was a valid landlord's lien. It would be different if the issues were between Mrs. Brown and Mr. Chronister, but, as between Falls & Sinclair, the landlord's lien has not been waived."

The court refused to give the instruction asked by appellant, that the landlord had no right to furnish money to have the cotton picked, as against the claim of appellee for supplies under his mortgage. The jury returned a verdict for the defendants, and from the judgment thereon this appeal is prosecuted.

The statute gives the landlord a lien upon the crop raised upon the rented premises for the value of advances made "to enable his tenant or employee to make and gather the crop" (§ 6890, C. & M. Digest), necessary supplies, etc., and declares the lien shall be preferred over any mortgage or other conveyance of such crop made by such tenant or employee. Sections 6888 and 6891 provide that certain mortgages on crops given by the person cultivating the land of another are without validity, unless made with consent of the employer or owner of the land or crop, which consent must be indorsed upon such mortgage or conveyance, and that, as between a tenant or his employee, the landlord's lien is only subject to the lien of the employee for services rendered towards the production of the crop, upon the landlord's written consent indorsed upon the contract of employment.

It was not claimed in the instant case that any indorsement or waiver by the landlord of her lien had been made upon the tenant's mortgage of the crop for supplies, and the defendants, who had purchased the crop of the tenant produced on the rented land, were not bound to take notice of any other kind of a waiver, and were only bound, as the court told the jury, to show by a preponderance of the testimony the existence of a valid indebtedness or lien on the part of the landlord in an

amount equal to or greater than the price paid by them in purchasing the crop grown on the rented premises.

The testimony, although unsatisfactory, is sufficient to support the verdict, and, there being no prejudicial error in the record, the judgment is affirmed.